UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

DENNIS CHESTER, on his own behalf
and those similarly situated,

    Plaintiff,

v.

LNR ENTERPRISE, LLC, a Domestic
Limited Liability Company and
CARL D. LIVINGSTON, Individually,

    Defendants.
_____/

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DENNIS CHESTER, ("Plaintiff"), on his own behalf and those similarly situated, by and through undersigned counsel, files this Complaint against Defendants, LNR ENTERPRISE, LLC ("LNR") and CARL D. LIVINGSTON, Individually, ("Livingston") (collectively, "Defendants") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages, overtime wages, and additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29

U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiff was a resident of Wakulla County, Florida.

4. At all times material hereto, LNR was a Georgia Domestic Limited Liability Company, regularly conducting business within the District.

5. Based upon information and belief, at all times material hereto, Livingston was, and continues to be, an individual resident of the State of Georgia.

6. At all times material hereto, Livingston owned and operated LNR.

7. At all times material hereto, Livingston regularly held and/or exercised the authority to hire and fire employees of LNR.

8. At all times material hereto, Livingston regularly held and/or exercised the authority to determine the work schedules for the employees of LNR.

9. At all times material hereto, Livingston regularly held and/or exercised the authority to control the finances and operations of LNR.

10. At all times material hereto, Livingston was an employer as defined by 29 U.S.C. 201 et. seq.

11. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, because his work involved installation of equipment used for interstate communications.

12. At all times material hereto, Plaintiff was an "employee" of the Defendants within the meaning of FLSA.

13. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

14. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA because they transported and distributed instrumentalities for carrying on commerce, namely DirecTv dishes and equipment.

15. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

16. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

17. At all times material hereto, Defendants had more than two (2) employees.

18. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as computers, cell phones, tablets, televisions, marketing materials, modems, cable boxes, satellite dishes, and various

other tools and materials necessary and integral to LNR's business operations.

19. At all times material hereto, LNR was the "employer" within the meaning of FLSA.

20. At all times material hereto, LNR was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA because it provided the equipment and distributed the work orders to installation technicians, who installed and performed services for DirecTV.

21. At all times material hereto, LNR was, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

22. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

23. At all times material hereto, LNR had more than two (2) employees.

24. At all times material hereto, LNR had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as computers, cell phones, tablets, televisions, marketing materials, modems, cable boxes, satellite dishes, and various other tools and materials necessary and integral to LNR's business operations.

25. At all times material hereto, Plaintiff was "engaged in commerce" and

subject to individual coverage of the FLSA. Specifically, Plaintiff regularly and customarily, throughout his employment with Defendants, received installation and marketing materials from LNR Enterprise in interstate mail and engaged in interstate communication as part of his job for Defendants.

26. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

27. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

28. On or about July 1, 2016, Defendants hired Plaintiff to work as non-exempt installation technician.

29. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

30. From at least July 1, 2016 and continuing through August 1, 2017, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

31. Plaintiff, and those similarly situated, should be compensated at the rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per week as required by the FLSA.

32. From at least July 1, 2016 and continuing through August 1, 2017, Defendants failed to pay Plaintiff at least federal minimum wage for all weeks worked.

33. Defendants have violated Title 29 U.S.C. §206 and 207 from at least July 1, 2016 and continuing through August 1, 2017, in that:

   a. Plaintiff worked in excess of forty (40) hours per week during the period of employment with Defendants;

   b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

   c. Defendants' failed to pay Plaintiff at least minimum wage for all hours worked in violation of the FLSA; and

   d. Defendants failed to maintain proper time records as mandated by the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

34. Plaintiff re-alleges and reavers paragraphs 1 through 33 as if fully set forth herein.

35. From at least July 1, 2016 and continuing through August 1, 2017,

Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

36. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

37. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

38. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

39. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

40. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

41. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

42. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for their overtime hours.

43. Based upon information and belief, all installation technician employees and former installation technician employees of Defendants were likewise not paid proper overtime when they worked over forty (40) or more hours in a work week. As such, Defendants have failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

## COUNT II
## MINIMUM WAGE VIOLATION UNDER FLSA

44. Plaintiff re-alleges and reavers paragraphs 1 through 33 as if fully set forth herein.

45. Plaintiff was entitled to be paid minimum wage for each week he worked during his employment with Defendants.

46. Defendants failed to pay Plaintiff minimum wage for each week he worked for Defendants.

47. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate him for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each week worked during one or more weeks of employment with Defendants.

48. Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

49. Defendants willfully failed to pay Plaintiff the federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

50. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

### COUNT III
### BREACH OF ORAL AGREEMENT

51. Plaintiff re-alleges and reavers paragraphs 1 through 33 as if fully set forth herein.

52. Defendants hired Plaintiff as a non-exempt installation technician and agreed to pay Plaintiff piece-rate for each job Plaintiff completed for Defendants.

53. Plaintiff completed multiple installations for which Defendants failed to pay Plaintiff, pursuant to the parties' agreement.

54. Defendants breached that agreement with Plaintiff by not paying wages for every job completed, pursuant to the parties' agreement that they would.

55. Defendants' actions caused Plaintiff to be deprived of his rightful earnings in an amount reasonably believed to exceed $9,500.00.

56. Plaintiff demands judgment in his favor in an amount in excess of $9,500.00 which fairly compensates him for each and every completed job for which he was not paid.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff minimum wages in the amount due to him for Plaintiff's time worked in each work week;

    e. Awarding Plaintiff liquidated damages in an amount equal to

    the minimum wages award;

  f. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  g. Awarding Plaintiff pre-judgment interest;

  h. Granting Plaintiff an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 216(b) to those similarly situated to Plaintiff;

  i. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED: March 28, 2018    Respectfully submitted,

            */s/ Andrew R. Frisch*
            ANDREW R. FRISCH
            MORGAN & MORGAN, P.A.
            600 N Pine Island Road, Suite 400
            Plantation, FL 33324
            T: (954) WORKERS;
            F: (954) 327-3013
            E-mail: afrisch@forthepeople.com

            *Counsel for Plaintiff*